IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JAMES McGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:23-cv-4 |
| | § | |
| L & C SAFETY, INC. (a/k/a Standard Safety and Supply), | § § § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff James McGee ("Plaintiff") files this Complaint against L & C Safety, Inc. (a/k/a Standard Safety and Supply) ("Defendant"), showing in support as follows:

### I.    NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over forty during each seven-day workweek as an employee of Defendant.

2. Plaintiff was employed by Defendant from approximately September 2021 to approximately July 2022.

3. Plaintiff performed manual labor related work in connection with Defendant's oilfield safety services in Texas and New Mexico.

4. During Plaintiff's employment with Defendant, Plaintiff's residence and domicile was in Henderson, Rusk County, Texas.

5. Plaintiff typically worked hitches for Defendant consisting of twenty-one days on and seven days off. Those work hitches required overnight stays away from Plaintiff's home for many consecutive days or weeks at a time. Travel between Plaintiff's home and the relevant work location routinely cut across Plaintiff's normal working hours during working days and/or nonworking days. Such travel is compensable time pursuant to the FLSA. However, Defendant did not count that travel time as compensable time or otherwise pay Plaintiff wages for that compensable travel time (the "Unpaid Travel Time").

6. Plaintiff was paid on an hourly basis by Defendant and routinely worked in excess of forty hours per seven-day workweek in connection with his work hitches. While Defendant paid Plaintiff overtime pay for many of his overtime hours worked, the Unpaid Travel Time resulted in Plaintiff not being paid time and one-half his regular rate of pay for all hours worked over forty in each and every seven-day workweek during his employment with Defendant.

7. Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for each and every hour worked over forty per seven-day workweek is a violation of the FLSA.

8. Plaintiff seeks all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.   THE PARTIES, JURISDICTION, AND VENUE

**A.   Plaintiff James McGee**

9. Plaintiff is a natural person who currently resides in Henderson, Rusk County, Texas. He has standing to file this lawsuit.

**B.   Defendant L & C Safety, Inc. (a/k/a Standard Safety and Supply)**

10. Defendant is a domestic for-profit corporation.

11. Defendant uses the assumed name of Standard Safety and Supply.

12. Defendant's principal place of business is located at 2524 Trunk Street, Odessa, Ector County, Texas 79761.

13. During 2021 and 2022, Defendant was an "enterprise engaged in commerce" as defined by the FLSA.

14. During 2021 and 2022, Defendant employed two or more employees who engaged in "commerce" as that term is used in connection with the FLSA.

15. During 2021 and 2022, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, and/or otherwise worked on goods and/or materials that were moved in and/or produced for commerce by any person. Examples of such goods and/or materials include tools, $H_2S$ testing equipment, $H_2S$ monitoring equipment, $H_2S$ personal protection equipment, vehicles, fuel, computers, computer accessories, and phones.

16. On information and belief, Defendant had annual gross sales or business volume in excess of $500,000 during 2021 and 2022.

17. Defendant may be served with summons through its registered agent, Tyler D. Barcena, 7101 N. CR West, Odessa, Texas 79764.

**C.   Jurisdiction and Venue**

18. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

19. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

20. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

21. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

22. Venue is proper in this Court because Defendant's principal place of business is located in this Judicial District and Division.

### III.     FACTUAL BACKGROUND

23. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24. Defendant provides health, safety, and environmental services to customers involved in oil and/or gas exploration, work, and/or production operations.

25. Plaintiff was employed by Defendant from approximately September 2021 to approximately July 2022.

26. Plaintiff was paid on an hourly basis by Defendant.

27. Plaintiff performed manual labor related work in connection with Defendant's health, safety, and environmental services.

28. Plaintiff performed work for Defendant at worksites in Texas and New Mexico.

29. Plaintiff's work locations for Defendant include worksites in areas near Odessa, Texas, Pecos, Texas, Pleasanton, Texas, and Carlsbad, New Mexico.

30. During Plaintiff's employment with Defendant, Plaintiff's residence and domicile was in Henderson, Rusk County, Texas ("Plaintiff's home").

31. Plaintiff typically worked hitches for Defendant consisting of twenty-one days on and seven days off.

32. Plaintiff's work hitches for Defendant required overnight stays away from Plaintiff's home for many consecutive days or weeks at a time.

33. Travel between Plaintiff's home and the relevant work location routinely cut across Plaintiff's normal working hours during working days and/or nonworking days. However, Defendant did not count that travel time as compensable time or otherwise pay Plaintiff wages for that travel time.

34. Plaintiff routinely worked in excess of forty hours per seven-day workweek in connection with his work hitches for Defendant exclusive of the Unpaid Travel Time. While Defendant paid Plaintiff overtime pay for many of his overtime hours worked, the Unpaid Travel Time resulted in Plaintiff not being paid time and one-half his regular rate of pay for all hours worked over forty in each and every seven-day workweek during his employment with Defendant.

35. Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for each and every hour worked over forty per seven-day workweek is a violation of the FLSA.

### IV.   CONTROLLING LEGAL RULES

36. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

37. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

38. "Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee's workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days." 29 C.F.R. § 785.39.

39. Under the FLSA's Continuous Workday Rule, "[p]eriods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked." 29 C.F.R. § 790.6.

40. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that [s]he was working." *Mack v. Avara Cmty. Health Servs.*, No. 3:13-CV-1976-P, 2016 U.S. Dist. LEXIS 129266, at *3-4 (N.D. Tex. Feb. 5, 2016) (*citing Newton,* 47 F.3d at 748). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

41. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

42. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Among other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

43. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

44. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also, Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

45. "Any employer who violates the provisions of [29 U.S.C. § 207] … shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation … and in an additional equal amount as liquidated damages. … The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### V.     FLSA CLAIMS

46. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

47. Plaintiff was employee of Defendant in 2021 and 2022 pursuant to the FLSA. 29 U.S.C. § 203(e).

48. At times relevant, Defendant is and/or has been an eligible and covered employer under the FLSA relative to Plaintiff's employment with Defendant. 29 U.S.C. § 203(d).

49. In 2021 and 2022, Defendant was an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

50. Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1) relative to his employment with Defendant.

51. Defendant did not maintain an accurate number of the daily and weekly hours worked by Plaintiff for Defendant relative to the Unpaid Travel Time. 29 C.F.R. § 516.2(a)(7).

52. Where the employer does not keep an accurate record of the daily and weekly hours worked by an employee as required by the FLSA, the employee may prove their unpaid overtime hours and damages "as a matter of just and reasonable inference." *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 801 (N.D. Tex. 2015), *aff'd sub nom. Olibas v. Barclay*, 838 F.3d 442 (5th Cir. 2016).

53. Plaintiff routinely worked in excess of forty hours per seven-day workweek. However, Defendant did not pay Plaintiff time and one-half his regular rate of pay for all hours worked over forty in each and every seven-day workweek due to Unpaid Travel Time.

54. The failure of Defendant to pay Plaintiff time and one-half his regular rate of pay for each and every hour worked over forty in all applicable seven-day workweeks is a violation of the FLSA.

55. Plaintiff seeks all damages available for Defendant's failure to timely pay all FLSA overtime wages owed.

### VI.   JURY DEMAND

56. Plaintiff demands a trial by jury.

### VII.   DAMAGES AND PRAYER

57. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. All damages allowed by the FLSA, including unpaid overtime wages,
   b. Liquidated damages in an amount equal to unpaid overtime wages,
   c. Reasonable legal fees,
   d. Costs,

    e.   Post-judgment interest, and/or

    f.   All other relief to which Plaintiff is justly entitled.

Date: January 4, 2023.

                                              Respectfully submitted,

                              By:    <u>s/ Allen R. Vaught</u>
                                           Allen R. Vaught
                                           Attorney-In-Charge
                                           TX Bar No. 24004966
                                           Vaught Firm, LLC
                                           1910 Pacific Ave., Suite 9150
                                           Dallas, Texas 75201
                                           (972) 707-7816 – Telephone
                                           (972) 591-4564 – Facsimile
                                           avaught@txlaborlaw.com

                                           ATTORNEY FOR PLAINTIFF